IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:18CR00217-DPJ-FKB

CHEY JOHNSON

_____

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:18CR00229-HTW-FKB

KARIM SALEEM

**MOTION FOR JUDICIAL INQUIRY INTO CONFLICTS OF INTEREST**

The United States, by its undersigned Assistant United States Attorney, hereby submits this Motion for Judicial Inquiry into Conflicts of Interest affecting both of the two captioned criminal cases.  For the reasons set forth below, the Court should inquire into conflicts of interest raised by Sanford Knott, Esq.'s simultaneous representation of defendants Chey Johnson and Karim Saleem.

SUMMARY OF FACTS AND PROCEDURAL HISTORY

On November 6, 2018, the grand jury returned an indictment for Chey Johnson charging cocaine conspiracy and distribution, Case No. 3:18-CR-217-DPJ-FKB.  On November 27, 2018, Karim Saleem was indicted on heroin conspiracy and distribution charges, Case No. 3:18-CR-229-HTW-FKB.  Over the course of the investigation leading up to the indictments, agents learned that Karim Saleem worked at a used car lot, owned and operated by Chey Johnson.  Pursuant to a warrant and order of the court, agents intercepted phones belonging to Karim Saleem and Chey

Johnson, whereas Saleem and Johnson spoke with each other regarding suspected drug transactions. Saleem and Johnson are represented by attorney Sanford Knott, in their respective matters. As such, the Government now makes this Motion for Judicial Inquiry.

## LAW AND ARGUMENT

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. This right to counsel includes the right to representation that is free from conflicts of interest. *United States v. Sanchez Guerrero*, 546 F.3d 328, 333 (5th Cir. 2008), quoting *Wheat v. United States*, 486 U.S. 153, 160 (1988)("waiver of conflicts of interest will certainly operate to waive [a defendant's ] rights, but it will not stop this court or district courts from 'ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'").

As the Supreme Court has cautioned, "multiple representation of criminal defendants engenders special dangers of which a court must be aware." *Wheat v. United States*, 486 U.S. 153, 159 (1988). *See Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978) ("Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing....") (*quoted in Wheat v. United States*, 486 U.S. 153, 160 (1988)).

Both the Federal Rules of Criminal Procedure and Supreme Court precedent require a judicial inquiry into the conflict under these circumstances. *See* Fed. R. Crim. P. 44(c); *Wheat*, 486 U.S. at 160 ("a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel"). As the Court observed in *Wheat*: "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession ...." *Id*. at 160. Indeed, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver,

and insist that defendants be separately represented." *Id*. at 162.

However, even with a valid waiver, there may be existing or potential conflicts so serious that the waiver should be refused by the Court, and counsel disqualified:

> The Sixth Amendment guarantees a defendant's right to effective assistance of counsel and a "correlative right to representation free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 67 L.Ed.2d 220 (1981). The right to assistance of counsel does not guarantee that a defendant will be represented by a particular attorney. *Caplin & Drysdale v. United States*, 491 U.S. 617, 624, 109 S. Ct. 2646, 105 L.Ed.2d 528 (1989). . . . An actual conflict exists when "defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo v. Johnson*, 205 F.3d 775, 782 (5th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)). Should a defendant desire to waive the conflict, the trial court must establish a knowing, voluntary waiver. *United States v. Garcia*, 517 F.2d 272, 274 (5th Cir. 1975). In determining the validity of a waiver, the district court is afforded "substantial latitude in refusing waivers of conflicts of interest not only if an actual conflict is demonstrated, but in cases where a potential for conflict exists which may result in an actual conflict as the trial progresses." *United States v. Vasquez*, 995 F.2d 40, 42 (5th Cir. 1993) (citing *Wheat*, 486 U.S. at 163, 108 S. Ct. 1692).
>
> An accused's right to waive conflict-free representation is not absolute. *See, e.g., United States v. Sotelo*, 97 F.3d 782, 791 (5th Cir. 1996) (district court did not abuse its discretion by refusing waiver to permit multiple representation of defendants). The court must also evaluate the potential effect on the integrity of the judicial system. *United States v. Medina*, 161 F.3d 867, 870 (5th Cir. 1998); *United States v. Rico*, 51 F.3d 495, 511 (5th Cir. 1995).

*United States v. Lozano*, 158 F. Appx. 632, 636-37 (5th Cir. 2005).

The cases of Johnson and Saleem present the Government with an opportunity to seek the cooperation and testimony of either defendant. The Government's investigation found sufficient evidence of drug distribution, for each. The potential remains however, to uncover any additional information, corroboration, or joint conduct among the defendants, as well as the involvement of others not yet indicted. What if the Government offers with defendant a cooperating plea agreement? How would defense counsel decide which of his two defendant clients he will assist,

or permit, to cooperate and testify against the other?

If one client has information implicating the other client, it may very well be in the first client's interest to enter into an arrangement with the Government to testify against the second client. In such an event, counsel would be in the position of seeking to represent one client in an effort to cooperate against another client. *United States v. Mahar*, 550 F.2d 1005, 1008 (5th Cir. 1977) (client placed in the "unacceptable position of having his own attorney help the Government procure witnesses against him"). *See generally Vega v. Johnson,* 149 F.3d 354, 357 (5th Cir. 1998)("Multiple representation occurs when an attorney represents multiple parties with conflicting interests, possibly influencing him to reject a strategy that would produce optimal results for one client, in order to improve results for another.") *See also Holloway v. Arkansas*, 435 U.S. 475, 490 (1978) (conflict may prevent attorney from arguing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.)

The potential for multiple conflicts in these cases raise such serious issues that they cannot be resolved by a client's waiver. "As the Supreme Court noted in *Wheat*, 'multiple representation of criminal defendants engenders special dangers of which a court must be aware.' A conflict of interest may 'prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.' Such conflicts may also preclude a defense attorney from 'exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution . . .'" *Sanchez Guerrero,* 546 F.3d at 332-333 (internal citations omitted).

Furthermore, if Sanford Knott was allowed to proceed as attorney with a client's waiver,

risk my still exist that either Johnson and Saleem would later raise an ineffective assistance of counsel claim based on Sanford Knott's conflicts of interest. The opportunities for conflict in the multiple representation of clients are obvious: To the extent that evidence develops suggesting that clients had varying degrees of involvement in the same conduct, counsel may be compromised in his ability to meaningfully draw distinctions relating to the disparate roles of his clients. Moreover, it would be difficult for Knott to advise one client to cooperate against the other. Additionally, even where an attorney's conflict would not rise to the level of a Sixth Amendment violation, it may still create a conflict under the rules of professional conduct. [1]

---

[1]   A lawyer's duty of confidentiality is set forth in Mississippi Rule of Professional Conduct 1.6 (Confidentiality of Information), which states, "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b)." Such confidential client information is not limited to information protected by the attorney-client privilege; rather it includes "all information relating to the representation, whatever its source." Mississippi Rule of Professional Conduct 1.6 cmt.

Furthermore, Mississippi Rule of Professional Conduct 1.7, the general rule regarding concurrent conflicts of interest, provides:

a)   A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes:
    (1)   the representation will not adversely affect the relationship with the other client; and
    (2)   each client has given knowing and informed consent after consultation.
The consultation shall include explanation of the implications of the adverse representation and the advantages and risks involved.
(b)   A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless the lawyer reasonably believes:
    (1)   the representation will not be adversely affected; and
    (2)   the client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the representation and the advantages and risks involved.

5

The Fifth Circuit has been especially alert to conflicts that develop at trial: "When a defendant has been able to show that his counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance, constitutional error has occurred, and prejudice is inherent in the conflict. A lawyer places himself in an impossible situation when the defense of one client is perforce to the detriment of another client." *United States v. Newell*, 315 F.3d 510, 516 (5th Cir. 2002), *see also*, *United States v. Carver*, 114 F.Supp.2d 519, 521-22 (S.D. Miss. 2000) (disqualifying counsel entirely based on effort to represent multiple defendants). Under circumstances that are so ripe for conflicting loyalties, a lawyer must seriously consider the potential for conflict.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court in each of these cases make judicial inquiry as to the conflicts of interest.

    Respectfully submitted,

    D. MICHAEL HURST, JR.
    UNITED STATES ATTORNEY

By:    s/*Christopher L. Wansley*
    Christopher L. Wansley
    Assistant U.S. Attorney
    MS Bar No. 101097
    501 E. Court Street, Suite 4.430
    Jackson, MS 39201
    Ph: (601)965-4480
    Fax: (601)965-4409
    christopher.wansley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system to all ECF participant(s).

<i>s/Christopher L. Wansley</i><br>
CHRISTOPHER L. WANSLEY<br>
Assistant U.S. Attorney